**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IKIA TRUESDALE,<br>*Plaintiff*,<br>v.<br>DISTRICT OF COLUMBIA,<br>*Defendant*. | No. 21-cv-0315 (DLF) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Ikia Truesdale's Motion for Relief from Judgment, Dkt. 58. Truesdale moves for relief from judgment under Federal Rules of Civil Procedure 60(b)(1) and (b)(6). Although the case is pending on appeal, this Court retains authority to deny the motion. *See* Fed. R. Civ. P. 62.1(a)(2).

Truesdale contends that her earlier Title VII claims failed not because they lacked merit, but because of her former counsel's repeated shortcomings in litigating the case. Relief under Rule 60(b), however, is appropriate only in exceptional circumstances. Although an attorney's gross neglect or abandonment might justify reopening a judgment where it effectively deprives the client of her day in court, ordinary litigation errors or failure to develop a sufficient evidentiary record generally do not. *Cf. LP Steuart, Inc. v. Matthews*, 329 F.3d 234 (D.C. Cir. 1964); *Jackson v. Washington Monthly Co.*, 569 F.2d 119 (D.C. Cir. 1977). In *Matthews*, for example, counsel did not respond to a motion to dismiss, leading to the case's dismissal for failure to prosecute. And in *Jackson*, counsel's failure likewise resulted in dismissal of a case before the Court considered its merits. Truesdale has not established the same sort of extraordinary attorney misconduct that

would warrant relief here. The Court considered her case on the merits, which resulted in its summary-judgment order.

Truesdale also claims that this case reflects "a repeated pattern of extensions and late filings without meaningful advancement of plaintiff's claims." *See* Dkt. 58, at 2. But the extensions she identifies were granted by the Court to afford counsel additional time to litigate her claims. *See, e.g.*, Minute Orders of August 24, 2023; February 14, 2024; April 30, 2024; June 25, 2024; September 30, 2024. Although counsel made one filing in October without first obtaining an extension or leave to file out of time, the Court nevertheless considered that submission. Thus, Truesdale identifies no procedural prejudice resulting from counsel's requests for additional time, much less any deprivation of her opportunity to be heard.

Nor has Truesdale shown that counsel's conduct deprived her of material evidence, as she claims. She faults counsel for failing to obtain "Internal Affairs materials," "comparator evidence," and "sworn testimony … to establish pretext." Dkt. 58, at 3. But she does not explain how counsel's alleged deficiencies prevented their production. The mere assertion that counsel failed to develop a stronger evidentiary record does not establish that the missing evidence existed, much less that counsel's neglect deprived a plaintiff of a meritorious claim.

Ultimately, Truesdale's motion repackages the evidentiary deficiencies that defeated her claims as evidence of counsel's neglect. But a failure to marshal evidence sufficient to survive summary judgment does not, without more, establish the gross neglect or abandonment necessary to justify relief from judgment.

Truesdale also invokes her former counsel's subsequent suspension from practice and a dispute concerning attorney's fees. Neither circumstance alters the analysis. The fee dispute bears no relationship to the merits of plaintiff's claims or the grounds on which the judgment was

entered. And counsel's withdrawal, following his suspension, was mandatory under the of professional conduct. *See* D.C. R. Prof. Conduct 1.16(a)(1). The Court also approved that withdrawal under Local Civil Rule 83.6(d), which governs whether withdrawal would "unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." And critically, the summary-judgment briefing was already complete when counsel withdrew. Truesdale therefore has not shown that the withdrawal deprived her of an opportunity to present her case or otherwise affected the disposition of her claims.

Finally, although Truesdale may be dissatisfied with her former counsel's representation, there is no constitutional right to appointed counsel in a civil action. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 26–7 (1981). Nor does Rule 60(b) guarantee civil litigants error-free representation. On this record, Truesdale has not shown that counsel's conduct was so egregious that it effectively deprived her of the opportunity to litigate her claims.

Because Truesdale identifies neither a qualifying mistake under Rule 60(b)(1) nor the extraordinary circumstances necessary for relief under Rule 60(b)(6), her Motion for Relief From Judgment, Dkt. 58, is **DENIED**. Accordingly, her Motion for Order, Dkt. 59, is **DENIED AS MOOT.**

**SO ORDERED.**

Dabney L. Friedrich

DABNEY L. FRIEDRICH
United States District Judge

October 23, 2026